# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM JETT,<br>#B-68575,<br><br>      Plaintiff,<br><br>  vs.<br><br>LARRY GEBKE,<br>D. PETERS,<br>ROBERT MUELLER, and<br>SUSAN WALKER, and<br>SARAH JOHNSON,<br>      Defendants. | Case No. 17-CV-1351-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kareem Jett, an inmate currently housed at Centralia Correctional Center ("Centralia"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have violated his First Amendment rights by confiscating Sports Illustrated publications on two occasions and mail from Plaintiff's family on one occasion. Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. Plaintiff purports to sue all defendants in their official and individual capacities.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

>  (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>      (1) is frivolous, malicious, or fails to state a claim on which

1

relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On September 7, 2017, Defendant Peters, a correctional officer and member of the Publications Review Committee, completed a Publication Review Determination Form ("PRD") that denied Plaintiff's Sports Illustrated NFL Preview magazine. (Doc. 1, pp. 2, 9). The denial was issued because the magazine contained detailed information about teams and players and could be used to promote gambling. *Id.* On September 8, 2017, Defendant Mueller, Centralia's Warden, concurred in the denial. (Doc. 1, p. 9).

On another occasion in either August or September 2017,[1] Plaintiff received a PRD stating that his Sports Illustrated College Football Preview magazine had been denied. (Doc. 1, p. 3). The publication was denied because the "Publication Review Committee" again determined that it contained detailed information that could be used to promote gambling. *Id.*

---

[1] According to the Complaint, the confiscation occurred in mid-September. (Doc. 1, p. 3). However, a grievance attached as an exhibit to the Complaint indicates that the confiscation occurred in August. (Doc. 1, p. 12).

2

Plaintiff complained to Defendant Gebke, the Chairman of the Publications Review Committee, in "response to the ban on his publications." *Id.* Plaintiff told Gebke that Sports Illustrated magazines are available in the prison library. *Id.* Gebke told Plaintiff that he probably receives too many magazines and should simply read the magazines available in the prison library. *Id.* Plaintiff also claims that Centralia allows inmates to receive copies of publications that contain similar material, including sports encyclopedia books, the ESPN magazine, and SLAM. *Id.* Additionally, Plaintiff claims that in October 2017, he was allowed to take receipt of his copy of several Sports Illustrated magazines involving other sports. *Id.* Plaintiff told Gebke about receiving these magazines and Gebke said he was "lucky" to have received them. (Doc. 1, p. 4).

According to the Complaint, Plaintiff submitted a grievance to Mueller over "this incident," but the grievance was denied. (Doc. 1, p. 3). A grievance dated September 13, 2017 is attached to the Complaint as an exhibit. (Doc. 1, p. 12). The grievance was initially denied on September 15, 2017 and appears to be signed by "Rollins," a grievance counselor (not a defendant in this action). The grievance was subsequently denied by Administrative Review Board member Defendant Sarah Johnson. (Doc. 1, p. 14).

On December 1, 2017, Plaintiff received a denial slip from the mailroom informing him that pictures of his family were returned because one of the pictures depicted a 6-year-old child extending two fingers in what Plaintiff describes as "the world-wide symbol recognized for world peace." (Doc. 1, p. 4). Apparently, all of the pictures were returned because that single photo was deemed to contain a gang symbol. *Id.* Plaintiff complained to Mueller about the denial "as he made his rounds." Plaintiff argued that a peace symbol is not a gang symbol. *Id.* According to the Complaint, Mueller approved of the denial. *Id.*

**Preliminary Matter – Dismissal of Susan Walker**

Although Plaintiff lists Susan Walker (a grievance counselor) in the caption, he makes no allegations against her in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has not alleged that Susan Walker is "personally responsible for the deprivation of a constitutional right," she will be dismissed from this action without prejudice.

**Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** First Amendment claim against Peters, Mueller, Gebke and Johnson for ordering, implementing, and/or condoning the confiscation of Plaintiff's Sports Illustrated NFL Preview magazine on September 7, 2017 and/or Sports Illustrated College Preview magazine in September or August 2017.

**Count 2 –** First Amendment claim against Mueller for condoning the confiscation of Plaintiff's photographs on December 1, 2017.

## Count 1

Two Sports Illustrated publications were withheld from Plaintiff on the ground that they contained detailed information that could promote gambling. The key issue relevant to Plaintiff's constitutional claim is whether the publications were rejected based on legitimate penological interests.

The freedom of speech protected by the First Amendment is not merely freedom to speak; it is also freedom to read. *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638-39 (7th Cir. 2005) (citing *Stanley v. Georg*ia, 394 U.S. 557, 564 (1969); *Lamont v. Postmaster General*, 381 U.S. 301, 306-07 (1965)). While inmates do not lose their constitutional rights upon being confined in prison, some restrictions on those rights may properly be imposed by prison authorities. In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. at 89. On the other hand, "the arbitrary denial of access to published materials violates an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoting *Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir.) (per curiam), cert. denied, 488 U.S. 863 (1988)). *Turner* sets forth four factors which courts must consider in evaluating whether a regulation restricting prisoners' rights is sufficiently reasonably related to legitimate penological interests to withstand constitutional scrutiny: "(1) the validity and rationality of the connection between a legitimate and neutral government objective and the restriction; (2) whether the prison leaves open 'alternative means of exercising' the restricted right; (3) the restriction's bearing on the guards, other inmates, and the allocation of prison resources; and (4) the existence of alternatives suggesting that the prison exaggerates its

concerns." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Turner*, 482 U.S. at 89-91).

In this case, the withholding of Plaintiff's reading material would run afoul of the First Amendment if the reason for refusing access to magazines does not survive to analysis under the *Turner* reasonableness factors. But additional factual development will be required in order to determine whether the denial of Plaintiff's publications violated his First Amendment rights. Accordingly, Plaintiff may proceed on his First Amendment claim for damages against the defendants he claims ordered, implemented and/or approved of the confiscations: Defendants Gebke, Peters and Mueller.[2] He may also pursue his claim for injunctive relief against Defendant Mueller, in his official capacity as warden of Centralia. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding that in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief should be named as a defendant in his or her official capacity). The official capacity claims as to all other defendants will be dismissed without prejudice.

Plaintiff may not proceed on his claim against Johnson. Johnson, a member of the Administrative Review Board, allegedly denied one of Plaintiff's grievances pertaining to the confiscations. Generally, the denial of a grievance – standing alone – is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans,* No. 16-1645, 2017 WL 6728884, at *3 (7th Cir. Dec. 13, 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *George v.*

---

[2] The Complaint purports to include a claim for "Supervisory Liability." (Doc. 1, p. 6). The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Thus, Plaintiff cannot pursue claims against any individual based solely on his or her role as a supervisor. The Court is allowing Count 1 to proceed as to Gebke and Mueller to the extent that Plaintiff alleges they implemented or condoned the allegedly wrongful confiscations and not based on either individual's role as supervisor.

*Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Nonetheless, an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

Here, the claims related to Johnson suggest nothing more than the denial of a grievance by an individual who was not involved in the underlying alleged constitutional violation. There is no indication that Johnson is subject to liability under the standard articulated in *Perez* or related authority. As such, Plaintiff's allegations against Johnson do not state a colorable constitutional claim and she will be dismissed from this case without prejudice.

## Count 2[3]

Although "prisoners have protected First Amendment interests in both sending and receiving mail," *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), a prison can confiscate an inmate's mail if confiscation "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The same *Turner* reasonableness factors discussed under Count 1 apply to this claim. Again, additional facts will be necessary in order to determine whether the photographs were properly rejected for legitimate penological reasons. Accordingly, Count 2 shall will receive further review as to Mueller who allegedly condoned the confiscation.

---

[3] The Complaint includes a section titled "Statement of Claim" and a section titled "Legal Claims." The allegations pertaining to Count 2 are included in Plaintiff's "Statement of Claim" section but are not included in his "Legal Claims" section. Nonetheless, reading Plaintiff's Complaint liberally, as the Court must, the Court views the Complaint as attempting to assert a claim with respect to the confiscated photographs.

**Disposition**

**IT IS HEREBY ORDERED** that **WALKER** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. The Clerk of the Court is **DIRECTED** to terminate **WALKER** as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **GEBKE, PETERS** and **MUELLER. COUNT 1** is **DISMISSED** without prejudice as to **JOHNSON** for failure to state a claim upon which relief can be granted. The Clerk of the Court is **DIRECTED** to terminate **JOHNSON** as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **MUELLER.**

**IT IS FURTHER ORDERED** that Plaintiff may proceed against **GEBKE** and **PETERS** in their individual capacities only. Plaintiff may proceed against **MUELLER** in his individual capacity and in his official capacity, as Centralia's Warden, to the extent he is seeking injunctive relief.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **GEBKE, PETERS** and **MUELLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2018**

                                                        s/ STACI M. YANDLE
                                                        **United States District Court Judge**